569 A.2d 1000

**Robert A. BENDAS and Marion T. Bendas, Appellants,**

v.

**TOWNSHIP OF WHITE DEER, Commonwealth of Pennsylvania, Merrill C. Perry and Marilyn B. Perry, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided Feb. 2, 1990.

Brad M. Jackman, Jackman and Dixon, Doylestown, for appellants.

Charles H. Saylor, Wiest, Wiest, Saylor & Muolo, Sunbury, for appellee Tp. of White Deer.

Before CRAIG, McGINLEY and SMITH, JJ.

SMITH, Judge.

Robert and Marian Bendas (Appellants) appeal an order of the Court of Common Pleas of Union County granting a motion for summary judgment filed by the Township of White Deer (Township). The issues presented on appeal are whether the Township may be found negligent for failing to erect a traffic control device on a roadway within its boundaries and whether the trial court properly refused to allow Appellants to proceed on a theory of defective design. This Court affirms the order of the trial court.

Appellant Robert Bendas was driving south on Township Road 532 on August 6, 1983 when he collided with a vehicle driven by Merrill Perry. The accident occurred at the intersection of Township Road 532 and Legislative Route 475, a Commonwealth highway, and there were no traffic control devices or signs on either roadway alerting motorists to the upcoming intersection or to proceed with caution. Both drivers filed lawsuits in which they alleged that the Township and the Department of Transportation (DOT) negligently failed to erect traffic control devices at the intersection or failed to otherwise correct a dangerous condition.[1] Following the close of discovery, the Township and DOT filed motions for summary judgment,[2] and it is from the trial court's order granting the Township's motion for summary judgment that this appeal lies.[3]

In order to maintain an action in negligence against the Township, Appellants must demonstrate that a party with-

1. Merrill and Marilyn Perry are not involved in this appeal.

2. The trial court denied DOT's motion for summary judgment, and the agency has appealed this order at *Department of Transportation v. Bendas,* (No. 699 C.D.1989).

3. This Court's scope of review is limited to a determination of whether the trial court committed an error of law of abused its discretion. *Jones v. Cheltenham Township,* 117 Pa.Commonwealth Ct. 440, 543 A.2d 1258 (1988).

out statutory immunity could be held liable for the same conduct and that injury was caused by the negligent acts of the local agency or an employee thereof. Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a). Absent a legal duty owed to the injured party, no recovery can lie. *O'Neill v. Batchelor Brothers, Inc. Funeral Homes*, 421 Pa. 413, 219 A.2d 682 (1966). The Township contends that summary judgment was appropriate because it had no legal duty to establish traffic control devices along Township Road 532 or near its intersection with Legislative Route 475 and further that it had no duty to request that DOT install traffic control devices.[4] Citing *Bryson v. Solomon*, 97 Pa.Commonwealth Ct. 530, 510 A.2d 377 (1986), *appeal denied,* 519 Pa. 668, 548 A.2d 257 (1988), the Township argues that inasmuch as there is no common law duty requiring townships to erect traffic control devices, any such duty would have to be imposed by statute and that neither Sections 6122 or 6124 of the Vehicle Code, 75 Pa.C.S. §§ 6122 or 6124, nor Section 65709 of the Second Class Township Code [5] (Township Code) impose such a duty.

Appellants concede there is no common law duty requiring a township to erect traffic control devices but argue that the Vehicle Code and Township Code do impose liability. Section 6122 of the Vehicle Code provides that local authorities "may erect official traffic-control devices on any highway within their boundaries in conformity with department regulations." Section 6124 of the Vehicle Code similarly states that local authorities "may erect and maintain stop signs or other official traffic-control devices at intersections of highways under their jurisdiction." The Township Code authorizes the expenditure of funds "for the erection, maintenance and operation of traffic lights and traffic signals whenever deemed necessary for the protection of the traveling public." 53 P.S. § 65709. The trial court interpreted the word "may" contained in the Vehicle

4. Summary judgment should be granted if there exists no genuine issue of material fact after review of the record in a light most favorable to the non-moving party. *Jones.*

5. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65709.

Code and the words "whenever deemed necessary" in the Township Code as creating a discretionary right. Appellants however maintain that the foregoing statutory provisions imply that some consideration must be given by the Township as to whether or not traffic control devices are necessary and that the duty to consider the necessity for such devices is the legal obligation which was breached by the Township.

This Court disagrees with Appellants' contention that the Vehicle Code and the Township Code impose a mandatory duty to act on the part of the Township. Rather than imposing a duty, the provisions in question merely recognize that the Township has the power to take action. "The Township cannot be held liable for failure to exercise a power it has." *Hoffmaster v. County of Allegheny*, 121 Pa.Commonwealth Ct. 266, 281, 550 A.2d 1023, 1030 (1988), *appeals denied*, 522 Pa. 606, 562 A.2d 828 (1989). As noted by this Court in *Bryson*, there is no duty on the part of the City to exercise its discretion. Once the Township does take action, however, and exercises its powers through the erection of traffic control devices, a suit alleging negligent maintenance of traffic controls may lie against the Township. *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987); *Knudsen v. Delaware County Regional Water Control*, 84 Pa.Commonwealth Ct. 36, 478 A.2d 533 (1984). Such is not the case here, and consequently this Court finds that Appellants have failed to establish a common law or statutory duty owed by the Township and that summary judgment was therefore properly granted by the trial court.[6]

Appellants next argue that the trial court erred in its determination that Appellants would be precluded at trial from introducing any evidence of defective design of the intersection and/or the absence of appropriate sight lines.

6. As no duty toward Appellants has been found, this Court need not reach the issue of whether this case falls within one of the exceptions to governmental immunity. Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b).

The trial court found that Appellants had failed to specifically plead this allegation and that the statute of limitations had run.[7] Appellants contend that no amendment was necessary and that the allegation contained in count I, paragraph 20(d) of their amended complaint that the Township "otherwise failed to regard the rights and safety of Plaintiffs" was sufficiently specific to encompass a defective design theory. Appellants further argue that if amendment was necessary it should be permitted, citing *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983) wherein the Supreme Court held that amendment should be allowed when a party seeks to amplify on allegations contained in its original pleadings. The Township, relying on *Wilson v. Howard Johnson Restaurant*, 421 Pa. 455, 219 A.2d 676 (1966), argues that allowing Appellants to amend their complaint or to introduce evidence of defective design would permit them to proceed on an entirely new cause of action after the statute of limitations had run.

Leave to amend is liberally granted to allow full development of a party's theories and averments. *Beardell v. Western Wayne School District*, 91 Pa.Commonwealth Ct. 348, 496 A.2d 1373 (1985). Leave should not be granted, however, if there is resulting prejudice to a party or where the amendment is against a positive rule of law. *Mann, Inc. v. Upper Darby School District*, 99 Pa.Commonwealth Ct. 276, 513 A.2d 528 (1986). As noted by the trial court, Appellants failed to plead any specific facts regarding defective design of the intersection or the absence of appropriate sight lines. The only specific facts alleged pertain to the failure to erect traffic control devices. The trial court therefore properly found that Appellants' defective design theory encompassed a new cause of action for which the statute of limitations had run. *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 431 A.2d 237 (1981).

The order of the trial court is affirmed.

7. Leave to amend was not sought by Appellants, and no motion in limine was filed to restrict the introduction of evidence on defective design at trial. The trial court properly ruled on this issue because Appellants raised it in their brief in opposition to summary judgment.

144 

### ORDER

AND NOW, this 2nd day of February, 1990, the order of the Court of Common Pleas of Union County is affirmed.