582 A.2d 738

**Nancy A. DERITIS, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 1990.

Decided Nov. 20, 1990.

David M. Molnar, Gerson, Capek & Voron, Philadelphia, for appellant.

Charisse Lillie, City Solicitor, with her, Norma S. Weaver, Chief Deputy in charge of Claims, Miriam B. Brenaman, Deputy Solicitor for Appeals, Alan C. Ostrow, Asst. City Solicitor, Philadelphia, for appellee.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Nancy A. DeRitis appeals from an order of the Court of Common Pleas of Philadelphia County granting the motion for summary judgment of the City of Philadelphia (City) and dismissing DeRitis' complaint. The order of the trial court is affirmed.

DeRitis filed a complaint against the City alleging injuries which occurred when she was caused to fall from a bleacher erected on City property. The complaint contained a number of averments of negligence against the City concerning the unsafe condition of the bleachers as well as general allegations of negligence. A deposition of DeRitis revealed that the alleged injuries occurred when DeRitis was attempting to take a seat on the top row of a bleacher to watch a parade and was nudged over the back of the bleacher by an unknown spectator, causing her to fall

approximately four feet to the ground below. The bleacher had neither handrails nor guardrails. The City stated in answers to interrogatories that the bleachers were temporary structures erected by the City's Recreation Department and were eventually removed from the site.

The City moved for summary judgment on the grounds that DeRitis' action was barred by the governmental immunity provisions of Sections 8541–8542 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8542. DeRitis answered the City's motion and attached "new matter" which alleged that City police were on duty during the parade but failed to supervise or monitor the spectators taking to the bleachers. Section 21–701 of the Philadelphia Code precludes the City from pleading governmental immunity as a defense in a civil action alleging bodily injury caused by the negligence of any police officer while the officer is acting within the scope of his or her duty. The trial court granted the City's motion, finding that DeRitis' claim against the City did not fall within any of the eight exceptions to local governmental immunity and that DeRitis' allegations concerning the failure of the City's police to supervise the crowds were improperly raised. DeRitis has appealed to this Court arguing that the trial court erred in finding the City immune because (1) her claim falls within the real estate exception to local governmental immunity set forth in 42 Pa.C.S. § 8542(b)(3), and (2) her claim alleges that the City's police were negligent in their supervision of the crowd on the bleachers, thus precluding the City from invoking an immunity defense under Section 21–701 of the Philadelphia Code.

 The standards for granting a motion for summary judgment are well known. The motion may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. No. 1035(b). In making this determination, the court must view the record in a light most favorable to the nonmoving party and resolve all

doubts against the moving party. *El Concilio de los Trabajadores de la Industria de los Hongos v. Department of Environmental Resources*, 86 Pa.Commonwealth Ct. 219, 484 A.2d 817 (1984). In reviewing an order granting a motion for summary judgment, this Court's scope of review is limited to determining whether the trial court committed an error of law or manifestly abused its discretion with regard to the above standards. *Miller v. Emelson*, 103 Pa.Commonwealth Ct. 437, 520 A.2d 913 (1987).

DeRitis' complaint alleges a defective condition not of land owned by the City but of a bleacher erected upon that land. Section 8542(b)(3) of the Code, which permits the imposition of liability on a local government agency for acts arising from the care, custody, and control of real property in its possession, would therefore apply only if the bleacher can be considered real property as opposed to personal property; that is, if the bleacher is a fixture upon the real property. *See Canon–McMillan School Dist. v. Bioni*, 127 Pa.Commonwealth Ct. 317, 561 A.2d 853 (1989); *Maloney v. City of Philadelphia*, 111 Pa.Commonwealth Ct. 634, 535 A.2d 209 (1987), *appeal denied*, 519 Pa. 669, 548 A.2d 258 (1988). This Court has noted that chattels placed upon real property fall into one of three categories:

> First, those which are manifestly furniture, as distinguished from improvements, and not particularly fitted to the property with which they are used; these always remain personalty.... Second, those which are so annexed to the property, that they cannot be removed without material injury to the real estate or to themselves; these are realty.... Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending on the intention of the parties at the time of annexation....

*Canon–McMillan,* 127 Pa.Commonwealth Ct. at 320, 561 A.2d at 854 (quoting *Clayton v. Lienhard,* 312 Pa. 433, 436–37, 167 A. 321, 322 (1933)). Whether a chattel is a fixture, therefore, depends on whether the chattel falls within the second category, or the third where the intent of the person annexing the chattel to the realty is that the chattel become part of the realty. *Maloney.*

In this case, there is no factual dispute that the bleacher was only a temporary structure upon the land. It was therefore not an improvement and, while not typically considered furniture, it would fall under the first category as personalty. *See Maloney* (temporary scaffolding is not an improvement and remains personalty under the first category of chattels). Even if further evidence could indicate that the bleacher falls within the third category of chattels, the temporary nature of its placement upon the land makes it clear that the City did not intend the bleacher to become part of the realty. Accordingly, this Court agrees with the trial court that DeRitis' cause of action does not fall under the real property exception to local governmental immunity set forth in Section 8542(b)(3) of the Code.

■ DeRitis' second argument concerns her allegation that the City's police were negligent in their control of the crowd on the bleachers at the parade. This allegation, however, was not set forth in DeRitis' complaint. DeRitis first raised this issue in response to the City's motion for summary judgment. No petition to amend the complaint was filed, and the City argues that DeRitis is raising a new cause of action well beyond the two-year statute of limitations applicable to this case. *See Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 431 A.2d 237 (1981) (a new cause of action cannot be raised after the statute of limitations has run). DeRitis contends, however, that her allegation of police negligence is merely an amplification of her general allegations of negligence against the City set forth in her complaint. DeRitis' complaint, however, sets forth no material facts regarding police conduct. Therefore, her allegation states not an amplification of

existing allegations but a new cause of action. *See Bendas v. Township of White Deer,* 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990) (a party raises a new cause of action where there exist no specific facts alleged in the complaint regarding a theory which the party raises at a later stage in the proceedings); *Shaffer v. Pennsylvania Assigned Claims Plan Ins. Co. of North America,* 359 Pa.Superior Ct. 238, 518 A.2d 1213 (1986) (a party raises a new cause of action if it rests on a different theory, basis for recovery, or relationship between the parties than did the original pleading). DeRitis improperly raised her new cause of action in "new matter" in opposition to the City's motion for summary judgment; and, thus, the lower court correctly refused to address the contentions set forth in that document. *See E–Z Parks, Inc. v. Larson,* 91 Pa.Commonwealth Ct. 600, 498 A.2d 1364 (1985), *aff'd,* 509 Pa. 496, 503 A.2d 931 (1986) (wherein this Court refused to address the merits of allegations raised improperly in "new matter" filed in response to preliminary objections).

For the foregoing reasons, the order of the trial court granting the City's motion for summary judgment is hereby affirmed.

### ORDER

AND NOW, this 20th day of November, 1990 the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.