601 A.2d 386

Susan MAJESTIC, a minor, by Joyce MAJESTIC and Daniel Majestic, parents and natural guardians, Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION et al., Appellees.

DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Susan MAJESTIC, a minor, by Joyce MAJESTIC and Daniel Majestic, parents and natural guardians, Appellees.

UPPER ST. CLAIR SCHOOL DISTRICT, Appellant,

v.

Susan MAJESTIC, a minor, by Joyce MAJESTIC and Daniel Majestic, parents and natural guardians, Appellees.

Commonwealth Court of Pennsylvania.

Submitted En Banc Nov. 20, 1991.

Decided Dec. 10, 1991.

Raymond H. Conaway and Nancy D. Fabi, for appellants/appellees, Majestics.

Frank J. Micale, Deputy Atty. Gen., for appellant/appellee, Com.

Gerald J. Hutton, for appellant/appellee, Upper St. Clair School Dist.

Margaret A. McLean, for appellee, Township of Upper St. Clair.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH, PELLEGRINI, JJ.

DOYLE, Judge.

The Department of Transportation (Department), Upper St. Clair School District (School District) and Susan Majestic and her parents (collectively, the Majestics) appeal from orders of the Court of Common Pleas of Allegheny County.[1] The Department appeals by permission from an interlocutory order overruling its preliminary objections to the complaint filed by the Majestics; the School District also appeals by permission from an interlocutory order denying its preliminary objections to the complaint filed by the Majestics; and the Majestics appeal from an order which sustained the preliminary objections of Upper St. Clair Township (Township) which dismissed their complaint which was, of course, a final order and not interlocutory.

The following facts are relevant for our disposition of the case. On the evening of October 23, 1987, Susan Majestic and two teenage companions were struck by an automobile operated by an uninsured motorist as they crossed Route 19, a four lane state highway, the pertinent portion of which is located in the Township. The three teenagers were crossing from a wooded area on the easterly side of Route 19 to the grounds of the Upper St. Clair High School situated on the westerly side of the highway to attend a school-sponsored football game. The School District had erected a six-foot high chain link fence on the school grounds adjoining the highway. That fence, however, contained at least one opening for pedestrian ingress and egress to the school grounds.

1. This case was first argued before a panel of this Court on October 2, 1990 in Pittsburgh. By an order filed November 1, 1991, this case was submitted to the full Court, en banc, on November 20, 1991 in Philadelphia.

The Majestics filed a complaint in the Court of Common Pleas of Allegheny County against the Department, the Township and the School District. Preliminary objections in the nature of a demurrer were filed by all three defendants. The Department alleged that the Majestics' complaint failed to set forth a cause of action recognized at law. The Township and the School District both asserted immunity from suit under the provisions of Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, which pertains to governmental immunity.

By separate orders entered March 9, 1990, the court below overruled the preliminary objections of both the Department and of the School District but sustained the objections of the Township. By order dated March 22, 1990, the trial judge certified his two interlocutory orders of March 9, 1990 as presenting controlling questions of law as to which there is substantial grounds for difference of opinion. On May 10, 1990 the Commonwealth Court entered an Order granting the petitions for permission to appeal the interlocutory orders.

## THE DEPARTMENT'S APPEAL

In their complaint the Majestics allege that the Department was negligent, *inter alia,* in the following areas: in failing to provide crosswalks, crossing signals or other protection for the benefit of pedestrians crossing the highway; in failing to erect any safety devices to warn motorists of the possible hazard of children crossing the roadway; in failing to reduce the speed of traffic on the highway; and by failing to provide a safe and reasonable place for pedestrians to cross the highway. The Majestics also allege that the Department, by its failure to implement corrective measures, created and maintained a dangerous condition on the highway.

A plaintiff seeking to recover under Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, pertaining to sovereign immunity, must meet two distinct requirements. First, the

plaintiff must show that she possesses a common law or statutory cause of action against a Commonwealth party, 42 Pa.C.S. § 8522(a), and second, she must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b), 42 Pa.C.S. § 8522(b). Here the Majestics must prove a common law cause of action grounded on negligence, *inter alia*, that the Department as the alleged tortfeasor had a duty toward the injured party. *See Buffalini by Buffalini v. Shrader*, 112 Pa.Commonwealth Ct. 228, 535 A.2d 684 (1987). Absent a legal duty owed to the injured party, no recovery can lie. *Sippos by Sippos v. Richards*, 116 Pa.Commonwealth Ct. 124, 541 A.2d 413 (1988), *petition for allowance of appeal denied*, 522 Pa. 621, 563 A.2d 889 (1989).

The Majestics contend that Section 6122(a) of the Vehicle Code, 75 Pa.C.S. § 6122(a), imposes a statutory duty upon the Department to erect traffic control devices and the failure of the Department to erect such controls is a breach of a duty owed to them. Section 6122(a) of the Vehicle Code, provides:

> (a) General rule.—The department on State-designated highways and local authorities on any highway within their boundaries *may* erect official traffic-control devices, which shall be installed and maintained in conformance with the manual and regulations published by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic. (Emphasis added.)

Two recent decisions of this Court have construed the authority granted to the Department and to local authorities under Section 6122(a) of the Vehicle Code. In *Bendas v. Township of White Deer*, 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990), *petition for allowance of appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990) (*Bendas I*), we held that the authority granted to a municipality under Section 6122 of the Vehicle Code is discretionary and that there is no duty on the part of the municipality to exercise that discretion. In *Commonwealth v. Bendas*, 131 Pa.Com-

monwealth Ct. 488, 570 A.2d 1360 (1990), *petition for allowance of appeal granted,* 527 Pa. 651, 593 A.2d 423 (1991) (*Bendas II*), we held that the discretionary authority given to the Department under the same Section of the Vehicle Code can be abused if not exercised where a dangerous condition on the roadway has arisen and that such an abuse of authority under the Vehicle Code is tantamount to a breach of duty under the Judicial Code's highway exception to sovereign immunity.

We acknowledge the inconsistency between our holdings in *Bendas I* and *Bendas II* and we take this opportunity to resolve this conflict. After careful consideration, we conclude that *Bendas I* provides the correct interpretation of the grant of authority to both the Department and local authorities under Section 6122(a) of the Vehicle Code and hereby expressly overrule *Bendas II.* We reach this conclusion by examining the language used by the Legislature in drafting Section 6122(a); succinctly, the use of the verb "may" in conferring authority under this Section is a clear grant of discretion to *both* the Department and to local authorities.

■ We also find support for our position by examining the language of Section 8522(a) of the Judicial Code, pertaining to exceptions to sovereign immunity. Section 8522(a), in relevant part, provides as follows:

The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) *only and only to the extent set forth in this subchapter* and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, *for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action* if the injury were caused by a person not having available the defense of sovereign immunity. (Emphasis added.)

42 Pa.C.S. § 8522(a). We interpret this Section as being evidence of an intent on the part of the General Assembly to exempt the sovereign from immunity only in specific, clearly-stated situations and that it is our duty, therefore, to strictly construe the above Section. *Davidow v. Anderson*, 83 Pa.Commonwealth Ct. 86, 476 A.2d 998 (1984). *Accord, Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

Because we conclude that Section 6122(a) of the Vehicle Code confers discretionary authority upon the Department to erect traffic controls,[2] the failure of the Department to exercise that discretion does not constitute a breach of duty.[3] We hold, therefore, that the Majestics' complaint does not set forth a cause of action under Section 8522(a) of the Judicial Code.[4]

## THE MAJESTICS' APPEAL

In their complaint, the Majestics make the same allegations of negligence against the Township as they made against the Department and the trial court sustained the preliminary objections of the Township on the basis of governmental immunity.

2. The Majestics also argue that two additional Sections of the Vehicle Code, Section 3363, 75 Pa.C.S. § 3363, pertaining to establishment of speed limits on highways, and Section 6109, 75 Pa.C.S. § 6109, pertaining to specific powers of the Department, impose a statutory duty upon the Department to regulate traffic. Because these sections also contain *discretionary* grants of authority, our analysis of the arguments is the same as that for Section 6122(a).

3. The Majestics cite *Wyke v. Ward*, 81 Pa.Commonwealth Ct. 392, 405, 474 A.2d 375, 381 (1984) for the proposition that "where ... it is alleged that a dangerous condition has developed and individuals are injured as a result thereof, [the Department] may not plead its discretion as an absolute defense against liability." We find *Wyke* to be distinguishable on the facts. In that case, the alleged dangerous condition was a defect in the design of an intersection. In the case before us, the alleged dangerous condition was either the failure to regulate traffic or the failure to erect traffic control devices.

4. Because the Majestics failed to meet the threshold requirement under Section 8522(a), we do not reach the second requirement, that the cause of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b).

▇ In order to maintain an action in negligence against the Township, the Majestics must demonstrate that a party without statutory immunity could be held liable for the same conduct and that the injury was caused by the negligent acts of the local agency or an employee thereof. Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a). As in the case of a Commonwealth agency, absent a legal duty owed to the injured party, no recovery can lie against a local governmental agency. *See O'Neill v. Batchelor Brothers, Inc. Funeral Homes*, 421 Pa. 413, 219 A.2d 682 (1966).

▇ The Majestics argue that two sections of the Vehicle Code grant authority to the Township to regulate traffic on Route 19, viz. Section 6109, 75 Pa.C.S. § 6109, which authorizes municipalities to regulate traffic on streets or highways within their physical boundaries (*see* P. 389, n. 2 *supra* ), and Section 6122(a), 75 Pa.C.S. § 6122(a), which authorizes local authorities to erect traffic-control devices on any highway within their boundaries (*see* Pp. 388, 389 *supra* ). The Majestics allege that these two sections impose a statutory duty upon the Township and the failure of the Township to regulate traffic in any manner on Route 19 is a breach of that duty thus bringing their complaint within the exceptions to governmental immunity under Section 8542.[5]

**5.** The Majestics and the Department both cite *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988). The Supreme Court in *Mindala* entered a per curiam order which affirmed the opinion of this Court because the Supreme Court was evenly divided. This Court, in *Mindala v. American Motors Corp.*, 90 Pa.Commonwealth Ct. 366, 495 A.2d 644 (1985), held that a local municipality had no statutory duty to act to replace a missing traffic control sign on a state highway, nor could it be held liable to correct a hazardous condition on a state road. We further held, in declining to overrule *Rinaldi v. Giblin*, 70 Pa.Commonwealth Ct. 253, 452 A.2d 1126 (1982), and similar cases, that a local municipality likewise has no common law or statutory duty to warn the Commonwealth of a missing traffic control sign or other hazardous conditions on a state highway.

The Majestics cite *Mindala* for the proposition that where a government agency has or should have notice of a dangerous condition and has the authority and capability to act to avoid the foreseeable consequences of the dangerous condition, its failure to do so consti-

█ A municipality has no common law duty to erect traffic control devices, *Bryson v. Solomon,* 97 Pa.Commonwealth Ct. 530, 510 A.2d 377 (1986), *petition for allowance of appeal denied sub nom. Bryson v. Board of Education of School District of Philadelphia,* 519 Pa. 668, 548 A.2d 257 (1988), or to regulate traffic on state highways, *see Walch v. Red Hill Borough,* 110 Pa.Commonwealth Ct. 554, 532 A.2d 1238 (1987) (Commonwealth has exclusive jurisdiction over state highways); therefore, any cause of action must be grounded in a statutory basis. As we have previously stated, Section 6122(a) confers discretionary authority but does not impose an affirmative duty upon a municipality to exercise that discretion. *Bendas I.* Similarly, Section 6109 contains discretionary language and the failure of a municipality to exercise that discretion does not constitute a breach of duty.

Having failed to establish a cause of action against the Township either at common law or by statute, the Majestics fail the threshold test under Section 8542(a) of the Judicial Code and we hold that the common pleas court properly sustained the Township's preliminary objections.

### THE SCHOOL DISTRICT'S APPEAL

█ In their complaint, the Majestics allege that the School District was negligent, *inter alia,* "by erecting a fence that intentionally allows passage onto or from the roadway thus encouraging and giving cause to children to use it without providing any warning signs, or any type of reasonably safe access area across the roadway."

In two recent opinions of the Supreme Court, *Gardner v. Consolidated Rail Corp.* and *Lynch v. National Railroad*

tutes a breach of duty. The Department, in a footnote, cites the opinion in support of reversal, authored by Justice Larsen, for a "discussion of [the] duty of [a] Township to regulate traffic on state highways." The Supreme Court was evenly divided in *Mindala,* therefore, the opinion has no precedential value. *See LeGare v. Unemployment Compensation Board of Review,* 498 Pa. 72, 444 A.2d 1151 (1982); *see also Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 368 A.2d 648 (1977) (If the opinion of the Supreme Court is not a majority opinion, it is "non-decisional").

*Passenger Corp. (AMTRAK)*, 524 Pa. 445, 573 A.2d 1016 (1990),[6] the Court considered whether a city may be held liable when children going to or from holes in city-owned fences are injured on neighboring land through instrumentalities not created by the city and not in the city's control.

In *Gardner*, a seven-year-old boy was injured by a train on land owned by a third party after he climbed through a hole in a fence bordering railroad tracks and attempted to cross the tracks on his way to another hole in a fence on the other side of the tracks next to a municipal playground. At least one of the fences was owned by the City of Philadelphia. In *Lynch*, an eleven-year-old boy was also injured by a train when he and a companion climbed through a hole in a fence bordering railroad tracks in order to cross the tracks on their way to a hole in another fence bordering a vacant lot on the other side of the tracks where they intended to play. Both fences as well as the vacant lot in *Lynch* were owned by the city.

The Court determined that "the city owed no duty of care to persons who crawl through or walk toward holes in city fences bordering city land and are injured on a neighboring land by instrumentalities over which the city has no control and which the city did not maintain or bring into being."[7] *Gardner*, 524 Pa. at 455–56, 573 A.2d at 1021. This is exactly the situation here. The minor plaintiff was injured on a state highway as she was walking to an opening in the fence located on the School District's land. She was not injured by the fence itself or on the School District's property, nor has she so pled.

■ The Majestics also allege that the School District was negligent in failing to provide a crossing guard, crosswalk or traffic controls to assist children in crossing the road safely, and in failing to seek to have the Department or the Township control traffic to permit the safe crossing

6. These cases were consolidated for appeal and are reported under the same citation.

7. The Court additionally concluded that the holes in the fences were not the proximate cause of the injuries sustained by the children.

of the highway by pedestrians. As in the case of a municipality, there is no duty imposed on the School District by statute or by common law to erect traffic controls or install pedestrian crossings on a state highway. *See Bryson* (no common law duty to erect traffic controls). Because Route 19 is a state highway, the Commonwealth has exclusive jurisdiction over it. *Calvanese v. Leist,* 70 Pa.Commonwealth Ct. 251, 452 A.2d 1125 (1982). Although Section 6122(a) of the Vehicle Code confers discretionary authority upon municipalities to erect traffic control devices on state highways within their boundaries, no comparable section gives such authority to the School District nor would there be any obligation to request the Department itself to erect any traffic control devices.

Because the Majestics' complaint does not set forth a cause of action recognized at common law or conferred by statute, it does not meet the threshold test under Section 8542(a). We hold, therefore, that the Majestics' complaint does not set forth a cause of action under Section 8542 of the Judicial Code.

Accordingly, the orders of the Court of Common Pleas of Allegheny County denying the preliminary objections of the Department and of the School District are reversed and the case is remanded with directions that the trial court dismiss the Department and the School District from the case. The order of the Court of Common Pleas granting the preliminary objections of the Township is affirmed.

No. 795 C.D.1990

ORDER

NOW, December 10, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

No. 882 C.D.1990

ORDER

NOW, December 10, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter denying DOT's preliminary objections is reversed

and the case is remanded with directions that the trial court dismiss DOT from the case.

Jurisdiction relinquished.

## No. 895 C.D.1990
## ORDER

NOW, December 10, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter denying the School District's preliminary objections is reversed and the case is remanded with directions that the trial court dismiss the School District from the case.

Jurisdiction relinquished.