601 A.2d 384

**Paul STEIN and Marjorie Stein, parents and natural guardians of Lynn Michelle Stein, a minor et al., Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Upper St. Clair School District and Township of Upper St. Clair, Appellees. (Two Cases)**

Commonwealth Court of Pennsylvania.

Submitted En Banc Nov. 20, 1991.

Decided Dec. 10, 1991.

---

William E. Stockey, for appellants.

Frank J. Micale, Deputy Atty. Gen., for appellee, Com. of Pa.

Gerald J. Hutton, for appellee, Upper St. Clair School Dist.

Margaret A. McLean, for appellee, Tp. of Upper St. Clair.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

DOYLE, Judge.

Paul Stein and Marjorie Stein (the Steins) appeal from the orders of the Court of Common Pleas of Allegheny County which sustained the preliminary objections of the Department of Transportation (Department), the School District of

Upper St. Clair (School District) and the Township of Upper St. Clair (Township) and dismissed the Steins' complaint.[1]

The relevant facts are as follows: On the evening of October 23, 1987, Lynn Stein and two teenage companions were struck by an automobile as they crossed Route 19, a four lane state highway located in the Township of Upper St. Clair. These pedestrians were crossing from a wooded area on the easterly side of Route 19 to the grounds of Upper St. Clair High School situated on the westerly side of the highway. Upper St. Clair School District maintained a fence on the school property adjoining the highway which contained at least one opening for pedestrian ingress and egress to the school grounds.

The Steins filed a complaint in the Court of Common Pleas of Allegheny County against the Department, the School District and the Township. Preliminary objections in the nature of a demurrer were filed by each defendant alleging that the Steins' complaint failed to set forth a cause of action. The Department additionally alleged that it was immune from suit under the provisions of Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, which pertains to sovereign immunity.[2] The School District and the Township also claimed immunity but under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, which pertains to governmental immunity.[3] On February 6, 1990, the trial court by one order sustained the preliminary objections of the De-

1. This case was first argued before a panel of this Court on October 2, 1990 in Pittsburgh. By an order filed November 1, 1991, this case was submitted to the full Court, en banc, on November 20, 1991 in Philadelphia.

2. Section 8521, 42 Pa.C.S. § 8521, provides:
   (a) General rule.—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

3. Section 8541, 42 Pa.C.S. § 8541, provides:
   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

partment and the School District and dismissed the complaint against them. On February 9, 1990, the trial court also sustained the preliminary objections of the Township and, therefore, dismissed the complaint entirely.[4] Appeal to our Court from each of the two orders followed.

The Steins raise on appeal[5] the same arguments that were fully considered in the decision and order filed in *Majestic v. Department of Transportation and Township of Upper St. Clair and Upper St. Clair School District,* 144 Pa.Commonwealth Ct. 109, 601 A.2d 386 (1991), appeals which arose from the same accident that occurred on October 23, 1987. Our holding in the Majestic opinion, that the complaint filed against the Department, the School District and the Township does not set forth a cause of action under either Section 8522(a) of the Judicial Code, 42 Pa.C.S. § 8522(a), pertaining to exceptions to sovereign immunity, or Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a), pertaining to exceptions to governmental immunity, is controlling in this case, and, accordingly, the orders of the Court of Common Pleas of Allegheny County are affirmed.

## ORDER

NOW, December 10, 1991, the orders of the Court of Common Pleas of Allegheny County in the above-captioned matters are hereby affirmed.

---

4. We note that *Bendas v. Township of White Deer,* 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990), *petition for allowance of appeal denied,* 526 Pa. 639, 584 A.2d 321 (1990) (*Bendas I*), was filed on February 2, 1990, and *Commonwealth v. Bendas,* 131 Pa.Commonwealth Ct. 488, 570 A.2d 1360 (1990), *petition for allowance of appeal granted,* 527 Pa. 423, 593 A.2d 423 (1991) (*Bendas II*), was filed on February 6, 1990. In comparing these dates with the dates that the common pleas court issued its orders, we believe it reasonable to assume that the common pleas court did not have knowledge of the *Bendas I* and *Bendas II* decisions of this Court at the time it issued the subject orders in this appeal.

5. In their brief, the Steins also argue that because Lynn Stein was a student at Upper St. Clair High School, the School District owed her a higher duty of care. The Steins do not cite any statutes or Pennsylvania case law in support of this argument, and our research has disclosed none. We, therefore, hold that this additional fact makes no difference in the application of the law.