**Runkle v. PennDOT**

*Harrison L. Sanders,* for plaintiff.
*Mark E. Morrison,* for defendant.

DORNEY, *J.,* October 27, 1992—This matter is before the court on a motion for summary judgment filed by defendant, Commonwealth of Pennsylvania, Department of Transportation against plaintiffs, Bradley Paul Runkle, a minor, by his guardian, Tammy M. Runkle.

Plaintiffs filed a complaint against the defendant and others on September 4, 1991. Their claim concerns an accident in which plaintiff Bradley Runkle was severely injured when he was struck by a car driven by Clair Mundis while he was attempting to cross Route 24 to reach his school bus stop. (The allegations filed against Clair and Janet Mundis and the Red Lion Area School District have either been settled or discontinued.) Plaintiffs brought this action against defendant, alleging that it breached a duty of care owed plaintiffs in that:

"(1) defendant was negligent in failing to mark Route 24 with appropriate school bus signs;

"(2) defendant failed to reduce speed limit on Route 24;

"(3) defendant permitted school bus stop to be located on Township Route T-552;

"(4) defendant failed to correct the alleged posting, marking and maintenance defects on Route 24."

Defendant argues that it owes no duty toward the plaintiffs to install signs and that plaintiffs aver no facts in support of their claim that defendant failed to correct

any defects on Route 24. On July 17, 1992, defendant filed a motion for summary judgment.

A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), see *Mariscotti v. Tinari,* 335 Pa. Super. 599, 485 A.2d 56 (1984). The moving party has the burden of proof, the court must look at the facts in the light most favorable to the non-moving party. *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989). The function of the trial court in ruling on a motion for summary judgment is not to determine facts but to determine if a material issue of fact exists. *McDonald v. Marriott Corp.,* 388 Pa. Super. 121, 546 A.2d 1996 (1989). Therefore, if there are no factual disputes at trial, summary judgment will be granted.

We must first determine whether defendant had a duty to plaintiffs. The Pennsylvania Vehicle Code states in part:

"(a) *General Rule*—The department on state designated highways and local authorities on any highway within their boundaries *may* erect official traffic control devices...." 75 Pa.C.S. §6122(a). (emphasis added)

The Commonwealth Court has held that the Vehicle Code grants PennDOT and other local authorities discretion in erecting signs and other traffic signals. *Bendas v. Township of White Deer,* 131 Pa. Commw. 138, 569 A.2d 1000 (1990), *Majestic v. PennDOT,* 144 Pa. Commw. 109, 601 A.2d 386 (1991). It has been further

held that PennDOT does not have the duty to exercise that discretion. *Id.* Therefore, defendant argues, since there is no duty to post signs, summary judgment should be granted because plaintiffs allege no cause of action in their complaint.

Plaintiffs counter that they have stated a cause of action under an exception to sovereign immunity under Pennsylvania statute:

"(b) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claim for damages caused by:

"(4) *Commonwealth real estate, highways and sidewalks*—A *dangerous condition* of Commonwealth agency real estate and sidewalks ... and highways under jurisdiction of a Commonwealth agency...." 42 Pa.C.S. §8522(b)(4). (emphasis added)

If a dangerous condition exists where plaintiff was crossing Route 24 to reach his bus stop, then defendant is not immune from suit. The only issue remaining is what constitutes a "dangerous condition."

In their brief, plaintiffs cite *Commonwealth v. Bendas,* 131 Pa. Commw. 488, 570 A.2d 1360 (1990) (affirmed by Supreme Court on June 17, 1992). In that case, Bendas and Perrez collided with each other at an intersection where no traffic light or sign had been posted. The road Bendas was traveling was posted at 50 miles per hour. They sued PennDOT for negligently failing to erect traffic control devices at the intersection or in the alternative, failing to correct a dangerous condition. PennDOT moved

for summary judgment on the grounds that it did not owe Bendas and Perrez any duty. The trial court denied the motion and the Commonwealth Court affirmed; the Supreme Court upheld the lower courts' decision. Citing *Snyder v. Harmon,* 522 Pa. 424, 560 A.2d 307 (1989), the court reasoned that the Commonwealth had an un-equivocal duty of care to make sure its property is safe for regular, intended or reasonably foreseeable use. The court also concluded that what constitutes a "dangerous condition" under 42 Pa.C.S. §8522(b)(4) is a question of fact for the jury to determine.

Viewing the facts in light most favorable to the plaintiffs, we find that there are legitimate issues of fact for a jury to decide. The Commonwealth has a duty to ensure its property is safe for intended and foreseeable use. It is for a jury to determine whether a school bus stop is a foreseeable use of Route 24. Furthermore, it is for a jury to determine whether a dangerous condition existed on Route 24 and whether defendant failed to correct that condition to make the road safe. Defendant's motion for summary judgment is denied.

Accordingly, we shall enter the following

## ORDER

And now, October 27, 1992, defendant Commonwealth of Pennsylvania Department of Transportation's motion for summary judgment is hereby refused and denied.

The prothonotary shall notify all parties of this opinion and order as required by law.