## Estate of Elfrieda H. Arnold v. Kresge

C.P. of Monroe County, no. 2419 Civil 1991.

*Michael Muth,* for plaintiffs.
*Gerald Geiger,* for defendants.

O'BRIEN, *J.,* November 10, 1994—Although Elfrieda H. Arnold died on February 14, 1994, her children refuse to let her rest in peace. Although neither side appealed our earlier decision, filed September 7, 1993, concluding that the mother had failed to establish during her lifetime a parol gift of the land on which her moveable home was situate, the fight over who owns the modest, moveable home continues after her death. Following a further evidentiary hearing on October 19, 1994, the petition of the estate of Elfrieda H. Arnold presented by her two daughters as executrixes to compel their brother and his wife to allow them to move her former home from his real estate is before the court for disposition.

In *DeRitis v. City of Philadelphia,* 136 Pa. Commw. 244, 582 A.2d 738 (1990), our Commonwealth Court delineated the following categories for chattels placed upon real estate:

"First, those which are manifestly furniture, as distinguished from improvements, and not particularly fitted to the property with which they are used; these always remain personalty.... Second, those which are

so annexed to the property, that they cannot be removed without material injury to the real estate or to themselves; these are realty.... Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending on the intention of the parties at the time of annexation...." *Id.* at 248, 582 A.2d at 740.

For the reasons that follow, we conclude that the deceased's home fits into the third category of chattels.

The evidence is uncontradicted. The house in question has been moved several times, resulting in no material injury to the house or the land on which it was located. The house was first placed at Tock's Island and subsequently moved to Stroudsburg and Saylorsburg. (N.T. 71.) Although the defendant brother and his wife contend the existence of a foundation and connection to a septic system require a contrary finding, we conclude, as did the court in *Hartman v. Fulton County,* 24 D.&C.2d 611 (1960), that these facts do not render the building incapable of being moved without material injury to itself or the realty. Indeed, the defendant conceded at the most recent hearing that the home could, in fact, be moved without any material injury.

In applying the Law of Chattels, delineated above by our Commonwealth Court, to the facts of the case at bar, a central issue involves the intentions of the parties. The only substantial evidence of intention is set forth in the following provision of the deceased's will which has been probated in the Office of the Register of Wills of Monroe County in Will Book 126, page 418:

"April 26, 1976, I moved and relocated my single family bungalow from 520 Avenue F, Stroudsburg and placed such bungalow on a parcel of land 1.03 acres in size in Ross Township, Monroe County, Pennsylvania, then owned by my son and daughter-in-law, Charles H. Kresge Jr. and Gloria L. Kresge, and being part of property described in Monroe County Deed Book Volume 345, page 105. Unbeknownst to me and after my son's death, my daughter-in-law, Gloria L. Kresge, transferred this parcel of land containing 1.03 acres to Earl F. Kresge and Miriam E. Kresge, his wife. It is my desire to sell this bungalow prior to my death. In the event this bungalow is not sold prior to my death, I direct that as soon after my death as is practicable that my executrixes sell this bungalow...."

Clearly the mother had no intention of giving up ownership of her "bungalow" merely because of its location.

While we have complied with the request of counsel for defendants to determine this issue premised on the Law of Chattels, we also find counsel for plaintiff's argument premised on res judicata or claim preclusion persuasive. Applying the standards articulated by our Superior Court in *Pontiere v. James Dinert Inc.,* 426 Pa. Super. 576, 627 A.2d 1204 (1993) and *McArdle v. Tronetti,* 426 Pa. Super. 607, 627 A.2d 1219 (1993) to the facts of the case at bar, we conclude that defendants' failure to file any exceptions to our finding of fact that the home was "moveable" precludes them from relitigating that issue in this proceeding.

## DECREE

And now, November 10, 1994, it is ordered as follows:

(1) Defendants, Earl F. Kresge and Miriam E. Kresge, are directed to allow Charlotte L. Dymond and Dorothy

E. DeHaven, executrixes of the estate of Elfrieda H. Arnold, to remove their mother's residence from the defendant's premises.

(2) Failure of the defendants to comply with this decree shall be subject to the contempt powers of this court, including an award of attorney's fees as contemplated by 42 Pa.C.S. §2503.