598 A.2d 580

**Floyd E. MARTZ, Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Oct. 17, 1991.

26

Joseph Smukler, for appellant.

Nicholas J. Staffieri, for appellee.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Floyd Martz appeals a Philadelphia Common Pleas Court order granting the Southeastern Pennsylvania Transportation Authority's (SEPTA) motion for summary judgment. We affirm.

Martz filed a two-count complaint against SEPTA, charging it with (1) false arrest and imprisonment and (2) malicious prosecution. According to that complaint, SEPTA investigators and policemen forcibly and violently seized Martz, a SEPTA conductor, while he was on duty and placed him under arrest for employee theft. These SEPTA agents also lodged a criminal complaint against Martz. As a result, Martz was taken into custody and detained by the Philadelphia Police Department.

Martz was thereafter discharged by SEPTA and an arbitrator's award upheld his discharge. He was, however, found not guilty of theft in Philadelphia Municipal Court. After he was found not guilty of the criminal charges, Martz filed his complaint against SEPTA. SEPTA answered the complaint and thereafter moved for summary judgment.

On consideration of its motion for summary judgment, the common pleas court ruled that SEPTA, a Commonwealth agency, is entitled to sovereign immunity granted by the General Assembly and embodied in Sections 8521 through 8528 of the Judicial Code, 42 Pa.C.S. §§ 8521–8528. Because it found that Martz's complaint did not assert any cause of action arising within the enumerated exceptions found in Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b), the court entered summary judgment in SEPTA's favor.

 Of course, a court may grant summary judgment only where the pleadings, depositions, interrogatory answers and admissions establish that no material factual issues exist and the moving party is entitled to judgment as a matter of law. *Deritis v. City of Philadelphia,* 136 Commonwealth Ct. 244, 582 A.2d 738 (1990).

Here, Martz argues that the common pleas court erred in granting summary judgment because the waiver of sovereign immunity found in Section 8522(b)(1)—the vehicle liability waiver—encompasses the tortious conduct of SEPTA's officials in detaining and arresting him. We are constrained to disagree.

First, the vehicle liability waiver of sovereign immunity provides that liability may be imposed on the Commonwealth party for damages caused by:

(1) Vehicle liability—The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

 Liability in this instance may be imposed only "for damages arising out of a *negligent* act where the damages would be recoverable under the common law or a statute...." 42 Pa.C.S. § 8522(a) (emphasis added); *Marshall v. Port Authority of Allegheny County,* 524 Pa. 1, 568 A.2d 931 (1990). Although in his brief Martz contends that he has alleged facts which constitute negligent actions, Martz pleads only the intentional torts of false imprisonment and malicious prosecution. Martz's complaint states that SEPTA officials "falsely and maliciously detained and imprisoned" him (complaint, para. 4) and that the criminal complaint was lodged against him "falsely, maliciously and without probable cause." (Complaint, para. 10.) Martz seeks damages for "the willful and malicious conduct of SEPTA's agents. (Complaint, paras. 6 & 12.) There is

nothing of record which constitutes an allegation of negligence.[1]

Second, assuming *arguendo* that negligence of SEPTA's officials was established, Martz's cause of action does not arise within the vehicle liability waiver of immunity. In *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), our Supreme Court stated that to operate a motor vehicle is "to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle." *Id.,* 518 Pa. at 375, 543 A.2d at 533 (emphasis in original). Although *Love* involved an interpretation of the vehicle liability immunity waiver granted to *local* agencies, 42 Pa.C.S. § 8542(b)(1), the governmental and sovereign immunity waivers, being exceptions to the rule of immunity, are to be given a similar, narrow construction. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

Moreover, even if we were to accept Martz's argument that *Love* is distinguishable because there the court was interpreting the vehicle liability waiver as it relates to automobiles rather than railroads, liability still would not attach. Although *Martz's* duties included the operation of a SEPTA train, it is the actions of *SEPTA's* policemen which are alleged to have caused Martz' injuries. Detaining Martz and filing criminal charges against him cannot in any way be construed as the operation of a vehicle for which liability may be imposed.

Accordingly, we affirm the common pleas court's order.

1. If indeed Martz's injuries were negligently caused by co-workers while he was in the course of employment, his claim against his employer should have been brought under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031 (Act), or, possibly, The Federal Employers' Liability Act, 45 U.S.C. §§ 51–60.

30

## ORDER

AND NOW, this 17th day of October, 1991, the order of the Philadelphia Common Pleas Court, dated May 30, 1990 at No. 5329, July Term, 1985, granting judgment in favor of the Southeastern Pennsylvania Transportation Authority, is hereby affirmed.