**Kulesa v. Maguschak**

*Roger S. Spalding,* for plaintiff.

*James P. Kearney Sr., deputy attorney general,* for defendant Pennsylvania Liquor Control Board.

MUNDY, *J.,* December 3, 1992—This matter is before the court on the preliminary objections of the defendant, Commonwealth of Pennsylvania Liquor Control Board.

The action was instituted by complaint filed on January 3, 1992, arising out of a motor vehicle accident which occurred on January 8, 1990, in Hazleton, Luzerne County, Pennsylvania.

The plaintiff alleges in her complaint that she was a passenger in a vehicle operated by defendant, Cindy Sonya Houser.

It is alleged that the defendant, Houser, was in an intoxicated state when the vehicle she was operating left the roadway and struck a utility pole. As a result, the plaintiff alleges that she suffered serious personal injuries.

The plaintiff alleges that it was the intoxication of the defendant, Houser, that caused her to act in such a careless, reckless and negligent manner as to cause the mishap.

At issue in the preliminary objections before this court are the averments by the plaintiff that the named defendants, Robert J. Maguschak, d/b/a The Golden Cue, Lazy "G" Inc., d/b/a The Lazy "G," and Commonwealth of Pennsylvania Liquor Control Board, provided the defendant, Houser, alcoholic beverages when she was in a state of visible intoxication.

The moving defendant, Pennsylvania Liquor Control Board attacks the following allegations of the plaintiff's complaint, which are found in Count III, subparagraph 40(b), (d) (e) and (f):

"The carelessness and negligence of defendant LCB consisted of the following acts or omissions to act....

"(b) failure to discover that defendant Cindy Sonya Houser was visibly intoxicated;

"(d) failure to discover that defendant's agents, servants, workmen or employees were permitting visibly intoxicated patrons to be sold alcoholic beverages;

"(e) failure to discover that defendant's agents, servants, workmen or employees were incompetent, irresponsible and/or inexperienced in fulfilling their duties; and

"(f) violation of the laws, statutes, regulations and ordinances of the Commonwealth of Pennsylvania, Luzerne County and city of Hazleton regarding the serving, sale and purchase of alcohol, including but not limited to violations of the Liquor Code."

The LCB alleges immunity and maintains that the foregoing allegations do not fall within the exceptions to sovereign immunity as set forth in the Tort Immunity Act, 42 Pa.C.S. §8522.

It is clear that the exceptions to the grant of sovereign immunity are well delineated. Section 8522 provides in relevant part as follows:

"§8522(b)—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by...

"(7) Liquor store sales—The sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board created by and operating under the act of April 12, 1951 (P.L. 90, no. 21), known as the "Liquor Code," if such sale is made to any minor, or to any person visibly intoxicated, or to any insane person, or to any person known as an habitual drunkard, or of known intemperate habit."

Generally, the statute pertaining to exceptions of sovereign immunity by a governmental agency is evidence of intent on the part of the General Assembly to exempt the sovereign from immunity only in specific, clearly stated situations. Therefore, it is the duty of the court to strictly construe that statute. *Majestic by Majestic v. PennDOT,* 144 Pa. Commw. 109, 601 A.2d 386 (1991); *Martz v. SEPTA,* 143 Pa. Commw. 25, 598 A.2d 580 (1991); *Bruce v. PennDOT,* 138 Pa. Commw. 187, 588 A.2d 974 (1991).

Thus, a plaintiff seeking to recover under the statute pertaining to sovereign immunity must show that he or she possesses a common law or statutory cause of action against the Commonwealth party and that the cause of action falls within one of the exceptions to the immunity contained in the statute, *Majestic by Majestic v. PennDOT, supra.*

Strict construction of the language of the enumerated statute shows that the exception afforded to claimants against the LCB is limited to the actions against the agency and its employees for providing intoxicating beverages to a visibly intoxicated person. There is no indication that the statute provides for any additional duty which would amount to a waiver of the shield of sovereign immunity. Thus, even if this court accepts the averments of negligence set forth in subparagraphs (d) and (e) as true, the same do not fall within the prescribed language of the exceptions.

Accordingly, these subparagraphs are stricken.

Conversely, subparagraph (b) is directly focused on the actions of the LCB in serving a visibly intoxicated person. That allegation, therefore, clearly falls within the statutory exception aforesaid and will stand.

The defendant next raises the objections to subparagraph (f), which provides as follows:

"(f) violation of the laws, statutes, regulations and ordinances of the Commonwealth of Pennsylvania, Luzerne County and city of Hazleton regarding the serving, sale and purchase of alcohol, including but not limited to violations of the Liquor Code."

Subparagraph 40(f) of the complaint lacks the required factual specificity as required by the Pennsylvania Rules of Civil Procedure and constitutes vague, conclusory, improper, boilerplate allegations of negligence. As such, the defendant argues that because this subparagraph is not in conformity with law, it must be stricken.

Our courts have taken a strict view with respect to general "catchall" averments of negligence. In *Badowski*

*v. Acme Markets,* 80 Luzerne Leg. Reg. 11 (1990), Judge Augello of our court held that even where a complaint is otherwise well-pleaded, a paragraph in the complaint which is so general as to fail to provide a defendant with information sufficient to enable that defendant to prepare a defense is not in conformity with law. Judge Augello well noted that there exists a possibility of prejudice to the answering defendant because of the general averments of negligence and especially so in light of the liberal right of amendment granted by our courts.

The noted subparagraph of the plaintiff's complaint is prejudicial to the defendant because it does not specify the laws on which the averment is based. In turn the LCB defendant is prejudiced in its ability to properly defend.

Accordingly, we will grant defendant's motion for more specific pleading with instructions that if the plaintiff cannot plead with greater specificity, subparagraph 40(f) of the plaintiff's complaint be stricken.

### ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objections of the defendant, Commonwealth of Pennsylvania Liquor Control Board, to the complaint of plaintiff are granted as to subparagraphs 40(d) and (e) of plaintiff's complaint;

(2) The preliminary objections of the defendant, Commonwealth of Pennsylvania Liquor Control Board to subparagraph 40(b) are denied and dismissed;

(3) The said defendant's preliminary objection to subparagraph 40(f) of plaintiff's complaint is granted; and

the plaintiff is directed to plead subparagraph 40(f) with greater specificity. Absent an amended pleading within 20 days hereof, subparagraph 40(f) of the plaintiff's complaint shall be stricken; and

(4) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.