**Alson ALSTON, Appellant**

**v.**

**PW–PHILADELPHIA WEEKLY, Gwen Shaffer, Tom Cox, Review Publishing, Frank Keel, Keel Communications, Redevelopment Authority of the City of Philadelphia, Francis Bielli, City of Philadelphia and Mayor John F. Street.**

Commonwealth Court of Pennsylvania.

Submitted July 10, 2009.

Decided Sept. 2, 2009.

Reconsideration En Banc Denied Oct. 30, 2009.

Alson Alston, appellant, pro se.

David J. Perlman, Philadelphia, for appellees, Frank Keel, Keel Communications, and Redevelopment Authority of the City of Philadelphia.

Kelly Diffily, Philadelphia, for appellees, Francis Bielli, City of Philadelphia, and Mayor John F. Street.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Alson Alston (Alston) appeals, *pro se*, from an order of the Court of Common Pleas of Philadelphia County (trial court) dated February 12, 2007, which sustained the preliminary objections filed by the Redevelopment Authority of the City of Philadelphia (Authority), spokesman for the Authority, Frank Keel (Keel), and Keel Communications, Keel's employer.[1]

Alston also appeals by apparent intent the trial court's order dated October 25, 2006, which order was previously appealed to the Superior Court and subsequently marked as withdrawn and discontinued on January 5, 2007. The Order of October 25, 2006, sustained the preliminary objections filed by the City of Philadelphia (City), Mayor John F. Street (Mayor Street), and Deputy City Solicitor Francis Bielli (Solicitor Bielli).[2] We affirm both orders.

On August 10, 2005, the PW–Philadelphia Weekly (Weekly) published an article entitled "Strange Brew" which was written by Gwen Shaffer (Shaffer). The article discussed development plans for a low-income Philadelphia neighborhood known as Brewerytown and referenced various people and agencies involved in the project, including Alston, who, at the time, was the president of the African–American Business & Residents Association, a Brewerytown grassroots organization. The article included a statement made about Alston by Keel.

Alston alleged in his complaint that Shaffer's article was to address the politics of real estate development and gentrification in Brewerytown. However, according to Alston, Shaffer's article directly attacked his participation in Brewerytown's growth because he opposed the City's development plans for fear of its gentrification effects.

In researching the article, Shaffer investigated Alston's finances, real estate ownership and tax records. Shaffer received some of her information from Solicitor Bielli. Alston alleges that the Weekly's publication of this information about him was defamatory and false. Shaffer's Amended Complaint, Paragraph 16, at 5. Tom Cox (Cox) was alleged to be the fact checker for Shaffer and responsible for confirming Shaffer's news sources and facts in the article. Alston asserts that both Shaffer and Cox failed to challenge assertions made by others cited in the article. Alston alleges that Shaffer's bias toward the City's scheme to improve Brewerytown resulted in an unbalanced and unfair story.

On August 6, 2006, Alston commenced a defamation action against Shaffer, Cox, the Weekly, Review Publishing (owner of the Weekly), Keel, Keel Communications, the Authority, Solicitor Bielli, the City and Mayor Street (Collectively, Appellees),

---

1. The notice of appeal was filed July 14, 2008. We note that the case remained open until June 12, 2008, therefore, the notice of appeal was timely.

2. The trial court order dated October 25, 2006, was not specifically appealed to our court. However, our Supreme Court in *K.H. v. J.R.*, 573 Pa. 481, 826 A.2d 863 (2003), determined that when orders are related or connected, when an intention to appeal the unspecified order is apparent and when the opposing party has not been prejudiced, the unspecified order may be addressed on appeal. *See also, Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 763 (Pa.Super.1999)(states that a single appeal from various orders is proper even when not specifically appealed). In the present controversy, Solicitor Bielli filed a brief addressing the October 25, 2006 order, in which he conceded that Alston's appeal to our court was proper and included the order of October 25, 2006.

seeking both compensatory and punitive damages in excess of $50,000.00. Alston believes that the article attacked his credibility, and that his reputation as a community member has been "irreparably harmed" as a result of the article. *Id.,* Paragraph 44, at 12. In his complaint, Alston attached a catalogue of approximately 43 citations listing what Alston claims as "false [assertions] and are based upon false or deliberately ambiguous statements, research and information." *Id.,* Paragraph 27 at 8.

On September 18, 2006, Mayor Street, Solicitor Bielli and the City filed preliminary objections. The City claimed that it was immune from all state law tort claims, and Mayor Street and Solicitor Bielli were immune because of their "high public official" status. They further contended that if they were not immune to tort claims, that Alston failed to establish the elements of defamation because Mayor Street, Solicitor Bielli and the City did not publish the article and the City and Mayor Street were not quoted in the article. Additionally, Solicitor Bielli claimed his comments in the article were truthful. On October 25, 2006, Mayor Street, Solicitor Bielli and the City's preliminary objections were granted.[3]

On October 30, 2006, Keel, Keel Communications and the Authority filed preliminary objections to Alston's amended complaint. Keel contended that his comment that Alston "is no more than a land speculator who cloaks himself in the guise of a community activist" was an expression of opinion and not actionable under the law. Keel Communications contended that it could not be held vicariously liable, as Keel's comments were not defamatory. Keel, Keel Communications and the Authority collectively argued that they could not be held liable for defamation because they were not responsible for the publication of the article. Lastly, the Authority asserts immunity under 42 Pa.C.S. §§ 8541–8542, commonly referred to as the "Political Subdivision Tort Claims Act," (Act). The trial court sustained these preliminary objections on February 12, 2007.

Review Publishing, Shaffer and Cox (collectively, media defendants) also filed preliminary objections which the trial court denied. On December 11, 2007, Alston reached a settlement with the media defendants. Alston later claimed two terms in the settlement were breached by the media defendants in his motion of extraordinary relief seeking to void the agreement. This dispute was resolved at a June 3, 2008 joint pre-trial conference.

After resolving the settlement disputes with the media defendants, Alston filed an appeal of the trial court's February 12, 2007 order which granted Keel, Keel Communications and the Authority's preliminary objections and dismissed Alston's claims. Alston's concise statement of matters complained of on appeal was filed on August 12, 2008. By order dated September 15, 2008, the Superior Court transferred the matter to our court, as the Authority is a local agency.[4]

---

**3.** On November 20, 2006, Alston filed a motion for reconsideration. On November 27, 2006, Alston appealed to the Superior Court. On December 1, 2006, the trial court marked the motion for reconsideration as moot because the matter was on appeal. By per curiam order dated January 3, 2007, the Superior Court discontinued Alston's appeal of the October 25, 2006 order, as Alston had withdrawn the appeal.

**4.** Our review of a trial court's order sustaining preliminary objections is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Jones v. City of Philadelphia,* 893 A.2d 837 (Pa.Cmwlth.2006).

On appeal, Alston contends that the trial court abused its discretion or committed an error of law in granting the preliminary objections of Keel after finding that the alleged defamatory statement made by Keel was protected as an opinion statement and therefore not actionable as a matter of law. Alston further contends that Keel's statements did not meet the requirement of a protected opinion, that such statement was made maliciously, falsely and definitively asserts that Alston's business practices are unethical and immoral and that in order to prove such, the matter should have proceeded to discovery.

Next, Alston contends that the trial court abused its discretion or committed an error of law when it dismissed the instant matter against the Authority and Keel Communications, finding that Keel's statement was not defamatory and neither the Authority nor Keel Communications published the alleged defamatory statement. Alston further contends that the trial court erred in not finding the Authority and Keel Communications liable for the statements made by Keel, an employee, as he was speaking in an official capacity representing his employer and that the Authority was not immune from suit pursuant to the Act.

Finally, Alston contends that the trial court abused its discretion or erred as a matter of law in dismissing his complaint against Solicitor Bielli due to governmental immunity.[5]

When reviewing a challenge to an order sustaining preliminary objections in the nature of a demurrer, we must determine whether under the facts alleged the law states with certainty that no recovery is possible. We accept as true all well-pleaded allegations and material facts averred in the complaint, as well as inferences reasonably deducible therefrom, and resolve any doubt in favor of overruling the demurrer. Preliminary objections calling for dismissal of a cause of action should be sustained only in cases that are clear and free from doubt. *Anelli v. Arrowhead Lakes Community Association, Inc.*, 689 A.2d 357 (Pa.Cmwlth.1997).

▇▇▇ We first address the trial court's finding of governmental immunity with regard to the Authority. Governmental immunity is a defense properly raised by preliminary objections. *Scott v. Willis*, 116 Pa.Cmwlth. 327, 543 A.2d 165 (1988). Under 42 Pa.C.S. §§ 8541–8542, commonly referred to as the "Political Subdivision Tort Claims Act," (Act) local agencies are immune from liability for injuries caused by an act of the agency, its employees or any other person. There are eight exceptions to this Act. The issue surrounding the Authority does not fall into any of the eight exceptions.[6] The trial court did not err in finding the Authority immune from suit.

▇▇▇ Next, Alston contends that the trial court erred in finding the statement made by Keel was a protected opinion and, therefore, not actionable as a matter of law.

---

**5.** Alston does not contest that the trial court erred in finding the City and Mayor Street immune from suit. Additionally, Alston initially made other contentions, but withdrew them in his brief before this court.

**6.** The eight exceptions that allow liability to be imposed on a local agency are as follows:

(1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) side-walks; and (8) care, custody, or control of animals. 42 Pa.C.S. § 8542.

In the article, Keel is quoted as saying that Alston "is no more than a land speculator who cloaks himself in the guise of a community activist." Article at 11. The trial court determined that this statement was an expression of opinion and not actionable under the law. In pursuing an action for defamation against a defendant, a plaintiff must establish: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; (7) abuse of a conditionally privileged occasion. 42 Pa.C.S. § 8342. It is then left to the trial court to determine whether the challenged publication is capable of a defamatory meaning by considering whether the statement "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Birl v. Philadelphia Electric Company,* 402 Pa. 297, 303, 167 A.2d 472, 475 (1960)(quoting Restatement (First) of Torts, § 559(1989)).

The trial court determined that Keel's statements were not defamatory, as they were an opinion and therefore, protected. *Braig v. Field Communications,* 310 Pa.Super. 569, 456 A.2d 1366, 1372–1373 (1983), refers to Section 566 of the Restatement (Second) of Torts (1977), in pertinent part as follows:

[W]e adopt Section 566 of the Restatement (Second) of Torts (1977), which states:

"A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion."

Comment b to Section 566 provides a suitable analysis regarding the types of opinion:

"There are two kinds of expressions of opinion. The simple expression of opinion, or the pure type, occurs when the maker of the comment states the facts on which he bases his opinion of the plaintiff and then expresses a comment as to the plaintiff's conduct, qualifications or character .... The second kind of expression of opinion, or the mixed type, is one which, while an opinion in form or context, is apparently based on facts regarding the plaintiff or his conduct that have not been stated by the defendant or assumed to exist by the parties to the communication. Here the expression of the opinion gives rise to the inference that there are undisclosed facts that justify the forming of the opinion expressed by the defendant ...."

If the defendant states certain nondefamatory facts concerning the plaintiff, on the basis of which he expresses a defamatory opinion, Comment c to Section 566 recognizes that this "pure" expression of opinion is absolutely privileged as a result of *Gertz [v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) ] .... Comment c states:

"The distinction between the two types of expression of opinion, as explained in Comment b, therefore, becomes constitutionally significant. The requirement that a plaintiff prove that the defendant published a defamatory statement of fact about him that was false (See Section 558) can be complied with by proving the publication of an expression of opinion of the mixed type, if the comment is reasonably understood as implying the assertion of the exis-

tence of undisclosed facts about the plaintiff that must be defamatory in character in order to justify the opinion." **A simple expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable this opinion may be or how derogatory it is . . . .**

*Braig,* 456 A.2d at 1372–1373 (emphasis added).

Keel was quoted in the article by Shaffer in pertinent part as follows:

Some point out that while Alston is quick to criticize speculators snatching up properties on the cheap, he's collected more than a dozen addresses himself, paying less than market value for some of them.

[Authority] spokesperson Frank Keel characterizes Alston as a world-class rabble-rouser. "He is no more than a land speculator who cloaks himself in the guise of a community activist."

Shaffer Article, at 11. Based upon the facts printed in the article, Keel's statement is protected as a pure expression of opinion. Keel's opinion of Alston was based upon facts that were disclosed in the article and does not imply the existence of undisclosed facts. The trial court determined that:

[b]ased on the subject-matter of the article[,] [Alston's] participation in Brewerytown's real estate development, and Keel's role as representative of the [Authority], Keel's comment about [Alston's] purchasing pattern was related enough to his duties and to the purpose of this article that it makes Keel's comment a pure expression of opinion.

Trial court opinion at 10. Keel's comments were a "simple expression of opinion based on disclosed or assumed nondefamatory facts" and thus, were "not itself sufficient for an action of defamation, no matter how unjustified and unreasonable . . . [his] opinion may be or how derogatory it is." *Braig,* 456 A.2d at 1373 (citing, Section 566 of the Restatement (Second) Torts (1977)). The trial court did not err in determining that Keel's statement was protected.

The trial court further determined that Keel Communications and the Authority were not liable for Keel's comment in pertinent part as follows:

Because Keel Communications and [Authority] did not publish Keel's comments, the only way that liability can attach to these entities is vicariously. However, Keel Communications and [the Authority] cannot be vicariously liable for defamation w[h]ere Keel's actions individually were not held to be defamatory.

Trial court opinion at 10. We agree.

■ Finally, we will address Alston's contention that the trial court abused its discretion or erred as a matter of law in dismissing his complaint against Solicitor Bielli due to governmental immunity. As stated previously, Solicitor Bielli is immune under the Act, which affords broad immunity to both city and municipal employees, as defamation does not fall under one of the eight exceptions to the Act. 42 Pa.C.S. § 8542(b)(2). Section 8545 of the Act grants this same immunity to local agency employees acting within the scope of their official duties. This immunity is abrogated, with respect to individuals only, for conduct which constitutes a crime, actual fraud, actual malice, or willful misconduct.[7] *Renk v. City of Pittsburgh,* 537 Pa.

---

7. The exceptions to the Act must be narrowly construed. *Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994).

68, 641 A.2d 289 (1994). Alston alleges that Solicitor Bielli's statement amounted to "actual malice" and, thus, Solicitor Bielli's immunity is abrogated.

In order to prove actual malice, Alston, as a public figure, must show that the statement was false and must also establish that Solicitor Bielli acted with knowledge that the statement was false or with reckless disregard of whether it was false. *Weber v. Lancaster Newspapers, Inc.*, 878 A.2d 63 (Pa.Super.2005). Alston alleges in his amended complaint that:

> Shaffer received private information about Alston's tax payments from city solicitor Bielli. Relying upon this information, she published the statement: "Until he negotiated a payment agreement in December, Alston was in arrears on a handful of properties, according to Philadelphia deputy city solicitor Francis Bielli." That information was partially false.

Alston's Amended Complaint, Paragraph 17 at 5. Alston further alleges in pertinent part as follows:

> [T]he harm caused by the defamatory statements of Deputy Solicitor Francis Bielli ... amounted to actual malice, are perhaps criminal (notably, Bielli's release of private information) and these Defendants are, therefore, **NOT** immune

from the instant tort claim. (emphasis in original).

Alston's Amended Complaint, Paragraph 41 at 12. Alston fails to specifically allege that Solicitor Bielli acted with the requisite intent to injure Alston. Alston merely states a conclusion of law. He does not specifically allege any facts to support his conclusion of actual malice on the part of Solicitor Bielli. Alston states that Solicitor Bielli's alleged statement was only partially false, but never states what part was true and what part was false. He further fails to state that Solicitor Bielli made the statement knowing that it was false. Thus, the trial court did not err in finding that Solicitor Bielli was immune from suit.[8]

Accordingly, we affirm both decisions of the trial court.

### ORDER

AND NOW, this 2nd day of September, 2009, the orders of October 25, 2006 and February 12, 2007 of the Court of Common Pleas of Philadelphia County in the above-captioned matter are affirmed.

---

8. We need not address any other allegations of Alston, as the trial court did not err in finding Keel's statement an opinion and in finding the Authority and Solicitor Bielli immune from suit.