# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell,                                    :
                   Appellant          :
                                :
            v.                                   :   No. 995 C.D. 2015
                                :   Submitted:  December 11, 2015
Jaclyn Grove, William Henry          :
Dreibelbis, T. Sunderland,           :
C. Wright and Jon D. Fisher          :

BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED:  March 18, 2016**

       Robert Fennell (Fennell) appeals from an order of the Court of Common Pleas of Huntingdon County (trial court).  The trial court granted a motion for judgment on the pleadings filed by Jaclyn Grove, William Henry Dreibelbis, T. Sunderland, C. Wright, and Jon D. Fisher (collectively, Appellees), and dismissed Fennell's lawsuit with prejudice.  We now affirm.

       On February 9, 2015, Fennell filed a complaint with the trial court.  In the complaint, Fennell alleged that while he was confined in the restricted housing unit of State Correctional Institution (SCI)-Smithfield, Nurse Grove, a registered nurse employed by the Department of Corrections (Department) approached him.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

Nurse Grove asked Fennell to submit to a tuberculosis test and removed a needle from "her pocket that had no protected plastic." (Certified Record (C.R.), Compl. ¶ 11.) Fennell refused to submit to the test, but he agreed to submit to a test conducted with a clean needle or via X-Ray. Nurse Grove "became inflamed with [Fennell]'s answer" and announced "with a very loud voice" that Fennell would be placed in administrative custody under quarantine so as to protect the staff and other inmates from the risk of exposure to tuberculosis. (C.R., Compl. ¶ 12.) A sign was placed on Fennell's cell door, indicating that Fennell had tuberculosis and that he must wear a mask at all times. The corrections officer who placed the sign on Fennell's door informed Fennell that Nurse Grove, Captain Sunderland (a corrections officer employed by the Department), and Superintendent Fisher (the superintendent of SCI-Smithfield) had "ordered the placement of the sign and the quarantine." (C.R., Compl. ¶ 16.) Fennell met with Superintendent Fisher, Captain Sunderland, and Nurse Dreibelbis (a registered nurse and Corrections Health Care Administrator employed by the Department), who informed Fennell that they had given every inmate and staff member a memo indicating that Fennell had tuberculosis. Fennell met with Captain Sunderland, who explained that Fennell was being quarantined for the safety of staff and inmates. Captain Sunderland later allowed Fennell to access the prison yard and law library on the condition that Fennell wear a mask. Other inmates threatened to assault Fennell because of their belief that he had tuberculosis, and, at one point, threw bodily fluids at him. As a result of this attack, Fennell developed an ear infection for which he received medical treatment.

Based on these facts, Fennell alleged that Appellees were liable to Fennell for defamation and slander and that Nurse Grove and Nurse Dreibelbis

2

were liable to Fennell for invasion of privacy. On March 26, 2015, Appellees filed an answer with new matter, asserting, *inter alia*, that Appellees have sovereign immunity. Fennell failed to respond to the new matter, apparently due to difficulties involving the prison mailroom. On April 23, 2015, Appellees filed a motion for judgment on the pleadings, arguing that as employees of the Department, and, therefore, the Commonwealth, they were immune from liability to Fennell, pursuant to Sections 8521-8527 of the Judicial Code, 42 Pa. C.S. §§ 8521-8527, commonly referred to as the "Sovereign Immunity Act" (Act). On May 11, 2015, the trial court granted Appellees' motion and dismissed Fennell's lawsuit with prejudice. Fennell filed a notice of appeal with this Court, and the trial court directed Fennell to file a statement of errors complained of on appeal. After receiving Fennell's statement, the trial court issued an opinion pursuant to Pa. R.A.P. 1925(a). In so doing, the trial court concluded that Appellees were immune, because Appellees were acting in the scope of their employment and the actions of Appellees did not fall within any of the exceptions to sovereign immunity set forth in Section 8522 of the Act, 42 Pa. C.S. § 8522. The trial court further explained that Fennell's claims of defamation, slander, and invasion of privacy are all intentional torts, for which Commonwealth employees are not liable if they are acting in the scope of their employment. Accordingly, the trial court concluded that Fennell did not state any cause of action for which sovereign immunity could be waived.

On appeal to this Court,[2] Fennell presents four issues for our review: (1) whether the trial court erred in determining that Appellees were acting within the scope of their employment; (2) whether the trial court erred in concluding that Commonwealth employees are immune from liability in suits involving intentional torts; (3) whether the trial court erred in concluding that the actions of Appellees did not fall within any of the exceptions to sovereign immunity; and (4) whether the trial court erred in concluding that Fennell did not state a cause of action for which sovereign immunity can be waived.[3]

We first address Fennell's argument that the trial court erred in determining that Appellees were acting within the scope of their employment. Fennell contends that Appellees' actions violated Section 8 of the Department's Procedures Manual 13.2.1 (Manual),[4] the Health Insurance Portability and

---

[2] "Our scope of review of an order granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether questions of material fact remain outstanding, such that the case should have gone to the jury." *Tobias v. Halifax Twp.*, 28 A.3d 223, 225 n.4 (Pa. Cmwlth. 2011), *appeal denied*, 47 A.3d 849 (Pa. 2012). "Our standard of review of an order granting or denying a motion for judgment on the pleadings is plenary." *Id.*

[3] In his brief, Fennell argues that the trial court erred in concluding that he did not state a cause of action for defamation and slander, and, in a separate section of his brief, makes the same argument with respect to invasion of privacy. For ease of discussion, we have combined these arguments.

[4] This document is entitled "Access to Health Care Procedures Manual." The section to which Fennell cites provides:

> An inmate who refuses to have [a tuberculosis test] . . . without this documentation is to be counseled about the importance of the test. If he/she continues to refuse, he/she MUST be kept in Administrative Custody . . . . This is an administrative decision, not a medical one.

(C.R., Manual at 8-16.)

4

Accountability Act of 1996[5] (HIPAA), 55 Pa. Code § 2600.17,[6] and the Department's Code of Ethics. Fennell argues that due to their violations of federal law, Pennsylvania law, and Department policy, Appellees were not acting within the scope of their employment as employees of the Department.

"[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. § 2310. Section 8522 of the Act provides a list of instances in which the General Assembly has waived sovereign immunity as to Commonwealth parties. A Commonwealth party is defined as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." Section 8501 of the Act, 42 Pa. C.S § 8501. With respect to whether certain conduct falls within the scope of an employee's duties, this Court has held:

> Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer; and if force is intentionally used by the employee against another[,] it is not unexpected by the employer.

*Natt v. Labar*, 543 A.2d 223, 225 (Pa. Cmwlth. 1988).

Here, the alleged violations of the Manual, HIPAA, 55 Pa. Code § 2600.17, and the Department's Code of Ethics are immaterial to the

---

[5] Pub. L. 104-191, 110 Stat. 1936 (1996).

[6] 55 Pa. Code § 2600.17 concerns the confidentiality of records for residents of personal care homes and is not applicable to state correctional institutions.

determination of whether Appellees were acting within the scope of their employment. In *La Frankie v. Miklich*, 618 A.2d 1145 (Pa. Cmwlth. 1992), an individual filed a complaint raising abuse of process, malicious prosecution, and false arrest claims against a state trooper. The individual contended that the state trooper was not acting within the scope of his employment, because the state trooper had abused the legal process, engaged in willful or malicious misconduct, and violated the individual's constitutional rights during his investigation and subsequent arrest of the individual. A "jury found the trooper guilty of abuse of process," but the Court of Common Pleas of Northampton County granted judgment notwithstanding the verdict to the state trooper, determining that the state trooper "was acting within the scope of his duties as a state trooper when he investigated the crimes and arrested [the individual]." *LaFrankie*, 618 A.2d at 1147, 1149. The state trooper, therefore, was protected from the imposition of liability by sovereign immunity. The arrestee appealed to this Court, and we affirmed the order of the common pleas court, concluding that the common pleas court did not err in granting judgment notwithstanding the verdict to the state trooper. In so doing, we explained that the suspect had admitted in his complaint that the state trooper was acting within the scope of his employment.[7] Here, as in *La Frankie*, Fennell admitted in his complaint that Appellees were acting within the scope of their employment: "At all times relevant hereto, the [Appellees] were servants, agents and employees of the Department . . . *acting within the scope of*

---

[7] Specifically, the complaint provided that "[a]t all times hereinafter mentioned and relevant hereto, [the state troopers] were acting as the agents, servants and employees of Defendant Commonwealth, and within the scope of their employment." *LaFrankie*, 618 A.2d at 1149 (first alternation in original).

*their employment.*" (C.R., Compl. ¶ 30 (emphasis added).) In their answer to Fennell's complaint, Appellees admitted that they were acting within the scope of their employment. (C.R., Answer ¶ 30.) Despite Fennell's contentions on appeal that Appellees' actions were not within the scope of their employment, this fact was undisputed for the purposes of Appellees' motion for judgment on the pleadings. We, therefore, reject Fennell's argument that the trial court erred in determining that Appellees acted within the scope of their employment.

We next address Fennell's argument that the trial court erred in concluding that Commonwealth employees are immune from liability in suits involving intentional torts. Specifically, Fennell contends that Appellees willfully violated doctor-patient privilege, HIPAA, and the Manual. These violations, Fennell contends, amount to willful misconduct. Fennell argues that Commonwealth employees are liable for willful misconduct, which is "synonymous with the term 'intentional tort.'" (Fennell Br. at 12.) Accordingly, Fennell argues that Appellees have waived sovereign immunity. In support of this contention, Fennell cites *Malley v. Briggs*, 475 U.S. 335 (1986); *Lippay v. Christos*, 996 F.2d 1490 (3d Cir. 1993); *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994); *Alston v. PW-Phila. Weekly*, 980 A.2d 215 (Pa. Cmwlth. 2009), *appeal denied*, 993 A.2d 901 (Pa. 2010); *Lancie v. Giles*, 572 A.2d 827 (Pa. Cmwlth. 1990); *Freedman v. City of Allentown*, 562 A.2d 1012 (Pa. Cmwlth. 1989); *King v. Breach*, 540 A.2d 976 (Pa. Cmwlth. 1988); and *Morris v. Musser*, 478 A.2d 937 (Pa. Cmwlth. 1984). These cases, however, are all distinguishable from the instant matter. *Renk*, *Alston*, *Lancie*, *King*, and *Morris*

7

concern immunity under Sections 8541-8542 and 8545-8550 of the Judicial Code,[8] rather than sovereign immunity under the Act. *Renk*, 641 A.2d at 292; *Alston*, 980 A.2d at 219; *Lancie*, 572 A.2d at 830; *King*, 540 A.2d at 979; *Morris*, 478 A.2d at 939. *Malley* and *Lippay* concern the qualified immunity that is available to state officials involved in certain actions arising under 42 U.S.C. § 1983. *Malley*, 475 U.S. at 340; *Lippay*, 996 F.2d at 1503-04. Appellees have not asserted that they are entitled to this qualified immunity, nor has Fennell alleged a violation of 42 U.S.C. § 1983. *Freedman* was overruled, and, therefore, provides no support for Fennell's position. *La Frankie*, 618 A.2d at 1149. Fennell has not cited a precedential case in which willful misconduct was a relevant consideration in determining whether the Commonwealth has waived sovereign immunity, nor has Fennell cited a statutory exception to the Act for actions that constitute willful misconduct.

This Court has held that "there is no waiver of sovereign immunity for intentional tort claims." *Kull v. Guisse*, 81 A.3d 148, 157 (Pa. Cmwlth. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014). Further, "willful misconduct does not vitiate a Commonwealth employee's immunity because sovereign immunity protects a Commonwealth employee acting within the scope of his or her employment from liability, even for intentional acts which cause emotional distress." *Holt v. Nw. Pa. Training P'ship Consortium, Inc.*, 694 A.2d 1134, 1140 (Pa. Cmwlth. 1997). Whether Appellees' conduct amounted to willful misconduct

---

[8] 42 Pa. C.S. §§ 8541-8542, 8545-8550, commonly referred to as the "Political Subdivision Tort Claims Act." Section 8550 of the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8550, provides that local agency employees are not immune from liability for actions that constitute willful misconduct.

is, therefore, irrelevant to the determination of whether Appellees are protected by sovereign immunity. Fennell's claims of defamation, slander, and invasion of privacy are all intentional torts. *See Wilson v. Marrow*, 917 A.2d 357, 364-65 (Pa. Cmwlth. 2007) (providing that defamation is intentional tort); *Picariello v. Commonwealth*, 421 A.2d 477, 479 n.2 (Pa. Cmwlth. 1980) (providing that slander and invasion of privacy are intentional torts for which sovereign immunity is not waived). Because the claims against Appellees are intentional torts, Appellees have not waived their immunity. We, therefore, reject Fennell's argument that the trial court erred in concluding that Commonwealth employees are immune from liability in suits involving intentional torts.

We next address Fennell's argument that the trial court erred in concluding that Appellees' actions did not fall within any of the exceptions to sovereign immunity. As noted above, Section 8522 of the Act provides a list of specific exceptions to the sovereign immunity of Commonwealth employees. Fennell appears to contend that Appellees' actions fall within one of the enumerated exceptions—namely, the "medical-professional" exception, Section 8522(b)(2) of the Act. The medical-professional exception provides:

> **(b) Acts which may impose liability.--** The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> > **(2) Medical-professional liability.--** Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

Section 8522(b)(2) of the Act. "As an exception to the rule of immunity of the Commonwealth from liability, the medical-professional liability waiver must be

strictly construed and narrowly interpreted against the party asserting liability." *Holland v. Norristown State Hosp.*, 584 A.2d 1056, 1058 (Pa. Cmwlth. 1990), *appeal denied*, 598 A.2d 286 (Pa. 1991). Prison facilities and Department employees may fall within this exception. *See, e.g.*, *Wareham v. Jeffes*, 564 A.2d 1314, 1324 (Pa. Cmwlth. 1989) (concluding that prison infirmary was agency medical facility and chief health care administrator of prison was health care personnel within meaning of medical-professional exception).

Despite Fennell's assertions that Appellees' actions fall within the medical-professional exception, waiver of a Commonwealth employee's sovereign immunity requires a negligent act. In *Martz v. Southeastern Pennsylvania Transportation Authority*, 598 A.2d 580 (Pa. Cmwlth. 1991), an employee filed a complaint against the Southeastern Pennsylvania Transportation Authority (SEPTA), asserting claims of false arrest and imprisonment and malicious prosecution. SEPTA argued that it was immune from liability, and the employee countered that SEPTA's actions fell within the vehicle liability exception to sovereign immunity, Section 8522(b)(1) of the Act. This Court explained that because the employee had pled "only the intentional torts of false imprisonment and malicious prosecution," rather than negligence, SEPTA had not waived sovereign immunity. *Martz*, 598 A.2d at 582. *Martz* is analogous to the instant matter. Here, Fennell has pled only intentional torts. Because Fennell failed to allege negligence on the part of Appellees, Appellees' actions do not fall within the medical-professional exception. We, therefore, reject Fennell's argument that the trial court erred in concluding that the actions of Appellees did not fall within any of the exceptions to sovereign immunity.

10

We next address Fennell's argument that the trial court erred in concluding that Fennell did not state a cause of action for which sovereign immunity can be waived. Fennell reiterates his arguments that Appellees violated various state and federal privacy laws. Fennell explains the elements necessary to plead a cause of action for defamation, slander, and invasion of privacy, and argues that he pled the facts necessary to state these causes of action in his complaint.

Assuming, *arguendo*, that Fennell has pled the facts necessary to state causes of action for defamation, slander, and invasion of privacy, Fennell still has not demonstrated that Appellees have waived sovereign immunity as to these causes of action. In determining whether a Commonwealth employee is immune from liability, a court must consider

> whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity.

*La Frankie*, 618 A.2d at 1149. As to the first consideration, the trial court properly concluded that Appellees were acting within the scope of their employment, because Fennell admitted in his complaint that Appellees were acting within the scope of their employment. With respect to the second consideration, Fennell has alleged only intentional torts—namely, defamation, slander, and invasion of privacy. As to third consideration, intentional torts do not fit within any of the exceptions to sovereign immunity. *See Martz*, 598 A.2d at 582. Because Fennell failed to establish that Appellees were acting outside the scope of their employment, that Appellees committed a negligent act, or that Appellees' actions fell within one of the exceptions to sovereign immunity, sovereign immunity is not

11

waived in the instant matter. We, therefore, reject Fennell's argument that the trial court erred in concluding that Fennell did not state a cause of action for which sovereign immunity can be waived.

Accordingly, we affirm the trial court's order.

_____
P. KEVIN BROBSON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell,                    :
                    Appellant      :
                                   :
          v.                       :     No. 995 C.D. 2015
                                   :
Jaclyn Grove, William Henry        :
Dreibelbis, T. Sunderland,         :
C. Wright and Jon D. Fisher        :

## **O R D E R**

AND NOW, this 18th day of March, 2016, the order of the Court of Common Pleas of Huntingdon County is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell,                                :
                                               : No. 995 C.D. 2015
                           Appellant           : Submitted: December 11, 2015
                                               :
              v.                               :
                                               :
Jaclyn Grove, William Henry                    :
Dreibelbis, T. Sunderland,                     :
C. Wright and Jon D. Fisher                    :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN                         FILED: March 18, 2016


        In concluding that Jaclyn Grove is protected from liability by sovereign immunity, the majority relies on Fennell's admission in his complaint that, as a matter of fact, Grove was employed by the Department of Corrections as a nurse and was acting within the scope of her employment when she required Fennell to submit to the tuberculosis test. Because Fennell is arguing, though unartfully, that Grove acted *outside* the scope of her employment when she required Fennell to submit to the tuberculosis test with a *non-sterile needle*, I respectfully dissent.

        In considering a motion for judgment on the pleadings, this court must accept all of the non-movant's well-pled allegations as true. *Ridge v. State Employees' Retirement Board*, 690 A.2d 1312, 1314 n.5 (Pa. Cmwlth. 1997) (*en banc*). The court will grant a motion for judgment on the pleadings only where there

are no material facts at issue and the law is clear that no recovery is possible. *Id.* The issue in this case is whether requiring an inmate to submit to a test or treatment with non-sterile equipment is conduct within or outside the scope of a nurse's employment with the Department of Corrections.

In his complaint, Fennell alleges that Grove is employed as a nurse by the Department of Corrections. (Compl. ¶ 2.) Fennell admits that Grove was acting within the scope of her employment when she asked Fennell to submit to a tuberculosis test administered with a needle. (*Id*. ¶¶ 2, 9, 30.) Grove then removed a needle from "her pocket that had no protected plastic." (*Id.* ¶ 11.) Fennell "said no to the use of [the] needle that Grove removed" but "did agree to a clean needle or a[n] x-ray of his chest." (*Id.*)

Although Grove initially acted within the scope of her employment when she asked Fennell to submit to the tuberculosis test, whether Grove ultimately acted outside the scope of her employment when she insisted that Fennell submit to the test with a non-sterile needle is a question of law. Similarly, it is a question of law whether Grove acted outside the scope of her employment when she announced to inmates and staff in a loud voice that Fennell had tuberculosis, ordered a sign be placed on his door announcing that "this inmate is infected with a very contagious disease," and ordered Fennell quarantined due to his refusal to submit to the test with the non-sterile needle. (*Id*. ¶¶ 12, 16.)[1]

---

[1] Fennell alleges that after other inmates were told that he had tuberculosis, they "began to kick and pound on their cell doors and threaten[ed] [Fennell] with harm if he comes near any of them." (Compl. ¶ 13.) Further, "when [Fennell] went to the yard other inmates threw feces, urine and semen on Fennell." (*Id. ¶* 14.)

> Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer; and if force is intentionally used by the employee against another, *it is not unexpected by the employer.*

*Natt v. Labar,* 543 A.2d 223, 225 (Pa. Cmwlth. 1988) (emphasis added).

As set forth in Fennell's complaint, Grove was employed by the Department of Corrections as a nurse and asked Fennell to submit to a tuberculosis test on the Department of Corrections' premises. Whether her use of a non-sterile needle that she removed from "her pocket that had no protected plastic" was unexpected or permitted by the Department of Corrections is a question of law, i.e., whether the Department of Corrections' medical protocol authorizes use of non-sterile equipment in the care and treatment of inmates. I submit that the mere fact that Grove is employed by the Commonwealth does not cloak her with immunity when deciding the legal question presented.

"[S]overeign immunity protects Commonwealth officials and employees acting *within* the scope of their duties from civil liability." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013) (emphasis added). "However, conduct constituting . . . actual malice or willful misconduct is considered to be outside the employee's scope of employment for immunity purposes." *Id.* Grove is no more protected from liability by her actions than Fennell was protected from disease or infection by the tainted needle. Grove cannot hide behind the cloak of immunity for actions committed outside the scope of her employment.

To this extent, I would reverse the trial court's order.

_____
ROCHELLE S. FRIEDMAN, Senior Judge